Zia Shaikh in propria persona
200 Village Ctr Dr
Unit 7381
Freehold, NJ 07728
(732)766-5466 Cell

## DISTRICT COURT FOR THE UNITED STATES
## DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | | |
|---|---|---|
| **ZIA SHAIKH,** | ) | |
| **Plaintiff,** | ) | **CIVIL CASE** |
| | ) | **NO:**_____ |
| | ) | |
| **V.** | ) | |
| | ) | |
| | ) | |
| **AUGUST J. LANDI ESQ,** | ) | |
| **IRA SENOFF ESQ** | ) | |
| **and law offices of** | ) | **CIVIL COMPLAINT** |
| **AUGUST J. LANDI LLC** | ) | **WITH JURY DEMAND** |
| **SENOFF & ENIS LLC** | ) | |
| | ) | |
| **Defendants,** | ) | |

## COMPLAINT AT LAW

Plaintiff, ZIA SHAIKH, (Hereinafter: "SHAIKH") an individual, PRO SE, does hereby bring this Complaint at Law against Defendants AUGUST J. LANDI Esq and AUGUST J. LANID LLC (Hereinafter "LANDI"), IRA SENOFF Esq and law offices SENOFF & ENIS LLC (Hereinafter: "SENOFF").

In support thereof the Plaintiff states as follows:

## NATURE OF THE ACTION

1.  This is an action for violation of the Civil Rights Act of 1866, 42 U.S.C. sec. 1981, 1982 and the Civil Rights Act of 1964, 42 U.S.C. sec. 1983; intentional misrepresentation, negligent misrepresentation, breach of contract and negligent infliction of emotional distress.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331, and 1343, 42 U.S.C. sec. 1983 and 1988, 42 U.S.C. sec. 2000D, and New Jersey common law.

3.   Venue is proper in this Court. SHAIKH is a resident of the State of New Jersey and all acts took place in the State of New Jersey.

## PARTIES

4.   The Plaintiff, SHAIKH at all times relevant has been a resident of Monmouth County, State of New Jersey SHAIKH.

5.   The Defendant, LANDI, is an attorney licensed to practice law in the State of New Jersey.

6.   The Defendant, Ira Senoff, (Hereinafter: "SENOFF") is an attorney licensed to practice law in the State of New Jersey.

## FACTS

7.   In 2013, SHAIKH was the Petitioner in a Dissolution of Marriage lawsuit in Ocean County, State of New Jersey involving among other things the custody of his three minor children.

8.   In 2014, SHAIKH sought legal representation in the furtherance of the reversal, or appeal of an April 23, 2014 Ocean County Circuit Court judgment removing custody of his minor children, and subjecting him to onerous child support payments and legal fees.

9.   LANDI promoted himself to SHAIKH as experienced in successfully handling such legal issues, and otherwise induced SHAIKH to retain him as legal counsel in the above matter.

10. SENOFF promoted himself to SHAIKH as experienced in Domestic Relations Appellate law.

11. In August, 2014 LANDI insisted upon an initial retainer in the amount of Twenty Thousand Dollars ($20,000.00) which was eventually paid by SHAIKH.

11. Prior to the retention of LANDI and SENOFF in 2014, the time to challenge,

reverse, or appeal the April 23, 2014 Ocean County's default judgment had expired.

12. LANDI nor SENOFF did not vacate, reverse or successfully appeal the Ocean County default judgment which they were retained to challenge.

13. At no time did LANDI advise SHAIKH that the time to directly appeal the April 23, 2014 Ocean County judgment had lapsed.

14. Since the entry of the default judgment SHAIKH has not regained custody of his children, has had only intermittent supervised child visitation, was evicted from his marital residence, and has had suffered extreme financial hardships as a result.

## COUNT I
## CIVIL RIGHTS ACT VIOLATION-42 U.S.C. sec. 2000d

15. The Plaintiff restates and reasserts its allegations contained in paragraphs 1 thru 14 as its allegations of Count I.

17. LANDI and SENOFF knowingly, intentionally and maliciously failed to provide adequate legal services to SHAIKH in a timely, diligent and professional manner.

18. LANDI and SENOFF's failure to represent him and advocate for him in Ocean County Circuit Court as promised to do so deprived SHAIKH of his lawful constitutional right to access to the New Jersey judicial system, and violated SHAIKH's right to due process of law in violation of 42 U.S.C. Sec. 2000D and 42 U.S.C. sec. 1983

21. As a result of LANDI and SENOFF's intentional, willful and malicious violation of SHAIKH's civil rights, SHAIKH was denied meaningful access to the courts, and deprived his right to civil due process.

22. As a consequence of LANDI's , SHAIKH lost permanent custody of his minor children, and has only had intermittent supervised visitation with his minor children since 2014; was evicted from his marital home; and, incurred attorney fees and suffered extreme financial hardships as a result thereof.

WHEREFORE, the Plaintiff SHAIKH requests that this Honorable Court enter a judgment against Defendant LANDI for damages in the amount of Twenty Million Dollars ($20,000,000.00); or in the alternative grant the Plaintiff relief that is fair, equitable and just.

## COUNT II
## INTENTIONAL MISREPRESENTATION

23. The Plaintiff restates and reasserts its allegations contained in paragraphs 1 thru 22 as its allegations of Count I as its allegations of Count II.

24. LANDI and SENOFF falsely held themselves out to SHAIKH as experienced New Jersey divorce attorneys ready willing and able to vacate, or otherwise reverse the April 23, 2013 Ocean County judgment.

25. Prior to accepting SHAIKH's Twenty Thousand Dollar ($20,000.00) retainer payment, LANDI and SENOFF knowingly and intentionally misrepresent to SHAIKH that the time for filing a direct appeal of the judgment against SHAIKH had not expired when it had actually lapsed.

25. LANDI's and SENOFF's intentional misrepresentations were knowingly made to induce SHAIKH into entering into an attorney-client agreement and securing from him a retainer and fees in the amount of Twenty Thousand Dollars ($20,000.00).

26. SHAIKH reasonably relied upon LANDI's false representations to his detriment.

27. As a direct and proximate result of LANDI's intentional misrepresentations SHAIKH lost permanent custody of his children and has had only inter mitten supervised visitation with his minor children since 2014; he was evicted from his marital home; and, has suffered extreme financial hardships as a result thereof.

WHEREFORE, the Plaintiff SHAIKH requests that this Honorable Court enter judgment in his favor and against the Defendants LANDI and SENOFF jointly and severally in the amount of Twenty Million Dollars ($20,000.000.00), or in the alternative, grant the Plaintiff any and all relief that this court deems fair, equitable and just.

## COUNT III
## NEGLIGENT MISREPRESENTATION

28. The Plaintiff restates and reasserts its allegations contained in paragraphs 1 thru 27 of Count II as its allegations of Count III.

29. LANDI and SENOFF incorrectly represented that they could file a direct appeal of the April 23, 2013 Ocean County judgment against SHAIKH when the statutory time to properly do so had previously expired.

33. SHAIKH reasonably relied upon LANDI's and SENOFF's misrepresentations to his detriment.

34. LANDI's and SENOFF's conduct in the Ocean County, New Jersey divorce proceedings demonstrate their inadequate understanding of New Jersey and Ocean County domestic relations procedural and substantive law, or in the alternative an intentional misrepresentation to SHAIKH of the same.

35. As a direct and proximate result of LANDI's and SENOFF's misrepresentations SHAIKH lost permanent custody of his children, and has had only inter mitten supervised visitation with his minor children since 2014; he was evicted from his marital home, compelled to pay substantial attorney fees, and suffered extreme financial hardship.

WHEREFORE, the Plaintiff requests this Honorable Court enter judgment on his behalf and against the Defendants LANDI and SENOFF jointly and severally in the amount of Twenty Million Dollars ($20,000.000.00), or in the alternative grant the Plaintiff relief that it deems fair, equitable and just.

## COUNT IV
## BREACH OF CONTRACT

36. The Plaintiff restates and reasserts its allegations contained in paragraphs 1 thru 35 of Counts I thru III as its allegations of Count IV.

37. LANDI and SENOFF failed to inform SHAIKH that the time to for a direct

appeal of the April 23, 2013 judgment had expired and that as a result the judgment could not be appealed, or reversed.

38. As a result of the expiration of time to directly appeal the April 23, 2013 judgment LANDI and SENOFF could not perform their obligations under the contract resulting in a breach of contract.

39. LANDI and SENOFF knowingly and intentionally did not use their best efforts to represent SHAIKH in the Ocean County divorce proceedings in breach of contract.

40. As a result of LANDI's and SENOFF's breach of contract SHAIKH suffered actual damages in the amount Twenty Thousand Dollars ($20,000.00), plus additional attorney fees, litigation costs and fees.

41. As a result of the malicious, willful and wanton conduct of LANDI and SENOFF in the breach of contract SHAIKH is entitled to punitive damages as a result thereof.

WHEREFORE, the Plaintiff, SHAIKH requests that this Honorable Court enter judgment against the Defendants LANDI and SENOFF jointly and severally in the amount of Twenty Thousand Dollars ($20,000.00), additional attorney fees, costs, plus punitive damages as this court deems equitable and just.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

42. The Plaintiff restates and reasserts its allegations contained in paragraphs 1 thru 41 of Counts I thru III as its allegations of Count IV.

43. As a direct and proximate result of the above mentioned default judgment SHAIKH was denied custody of his three children and has enjoyed only minimal supervised visitation with these children since 2014. The loss of his children in his life has caused SHAIKH severe emotional distress.

44. LANDI and SENOFF knew, or should have known that his negligent actions would cause SHAIKH severe emotional distress.

45. As a direct and proximate result of the above mentioned default judgment SHAIKH has incurred unnecessary legal fees, costs and expenses. These costs, fees and expenses have depleted the SHAIKH's savings and have otherwise caused an extreme financial hardship on him. This extreme financial hardship, and separation from his children, has caused SHAIKH severe emotional distress.

46. As a result of the actions of LANDI and SENOFF, SHAIKH suffers from clinical depression, extreme anxiety and stress which continue to severely and adversely affected his daily professional and personal life.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment against the Defendants LANDI and SENOFF jointly and severally for negligent infliction of emotional distress in the amount of Twenty Million Dollars ($20,000,000.00), or any relief this court deems to be equitable and just.

Respectfully submitted,

ZIA SHAIKH
Pro Se

December 16, 2020

## CERTIFICATE OF SERVICE

**I, Zia Shaikh** hereby certify under the penalty of perjury that copies of the

foregoing have been sent to the Defending parties in accordance with the rules of

Civil Procedure, and have been served upon the defendants by Process server and

delivered to the following parties:

August J. Landi Esq
and Law firm of AUGUST J. LANDI LLC
1806 State Route 35
Ste 207Oakhurst, NJ 07755

Ira Senoff Esq
and SENOFF & ENIS  LLC
501 Stillwells Corner Road,
Suite A-2
Freehold, NJ 07728

Respectfully Submitted,

Zia Shaikh, Pro Se

December 16,2020

-----------------------------------------------------------------------